UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW LEE TORSTENSON,

    Petitioner,

  v.                              Case No. 06-C-1039

DEPARTMENT OF CORRECTIONS,

    Respondent.

**ORDER**

    Andrew Torstenson filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state parole revocation was imposed in violation of the Constitution. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

    Petitioner claims his parole revocation violated the Constitution because while on parole he had only fantasized about finding new sexual assault victims rather than actually going to parks and stalking them. He seems to assert that his revelation of these fantasies was mistaken by his parole agent and others for an admission that he had actually sought out new victims.

It appears as though the petitioner may not have exhausted his state remedies, which would be a reason to dismiss the petition. However, it also appears that the petition fails to raise any actionable violations of the Constitution. 28 U.S.C. § 2254(a) only applies when a petitioner alleges he is in custody "in violation of the Constitution or laws or treaties of the United States," and the petition fails to articulate any plausible constitutional violation. In revoking his parole, the administrative law judge found petitioner's testimony to be incredible. Petitioner appeared at the revocation hearing with counsel and testified, but the judge rejected his claim that he was only fantasizing about new victims and found that petitioner had actually gone to a park and sought out new sexual assault victims. (Supplement at 11-12.) The judge found his testimony "unbelievable" and ordered petitioner revoked. The fact that the administrative law judge rejected petitioner's version of events does not constitute grounds for a constitutional violation. The petition alleges no other conceivable constitutional violations such as ineffective assistance of counsel or due process.

THEREFORE, IT IS ORDERED that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this   12th   day of October, 2006.

            s/ William C. Griesbach
            William C. Griesbach
            United States District Judge