UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW LEE TORSTENSON,

    Petitioner,

v.                                                    Case No. 06-C-1039

DEPARTMENT OF CORRECTIONS,

    Respondent.

**ORDER**

Andrew Torstenson filed a petition pursuant to 28 U.S.C. § 2254, but I dismissed the petition upon initial review because I concluded it failed to allege any constitutional violations. Petitioner has now filed a motion for reconsideration, asserting that his petition stated a claim based on the Double Jeopardy Clause of the Constitution. Essentially, he asserts that his parole revocation constituted a second punishment for the same original crime. That is not true. Parole revocation is "an administrative proceeding designed to determine whether a parolee has violated the conditions of his parole, not a proceeding designed to punish a criminal defendant for violation of a criminal law." *United States v. Hanahan,* 798 F.2d 187, 189 (7th Cir. 1986). As such, revocation is not punishment for the original crime but for conduct committed on parole in violation of the parole conditions. Torstenson's revocation does not, in other words, violate the Double Jeopardy Clause. The motion for reconsideration is therefore **DENIED**.

    **SO ORDERED** this 30th day of October, 2006.

                                                            s/ William C. Griesbach
                                                            William C. Griesbach
                                                            United States District Judge